UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN CLINTON,

    Plaintiff,

v.

STEEL WAREHOUSE CO., LLC *et al.*,

    Defendants.

CAUSE NO. 3:22-CV-223 DRL-MGG

## OPINION AND ORDER

Kevin Clinton, a prisoner without a lawyer, is serving a 71-month sentence for embezzling more than $2,000,000 from his employer, Steel Warehouse, Inc. *United States v. Clinton*, No. 3:18-cr-136-RLM (N.D. Ind. sentenced Oct. 24, 2019). Now, he has filed a civil complaint against the company, its owners, and several employees, alleging they defrauded the government by fraudulently applying for and receiving funding through the federal New Market Tax Credit program. ECF 1. This case cannot proceed because Mr. Clinton cannot bring a *qui tam* suit on behalf of the government without a lawyer, and he does not have standing to sue for this alleged injury.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Clinton's complaint lays out the details of the alleged fraudulent scheme, but it is unnecessary to repeat them here. It appears he is attempting to bring a *qui tam* action, in which a private party asserts a claim alleging the defendant committed fraud on the government:

> A qui tam action is brought by a private party, called the "relator," on behalf of the government. If a qui tam suit under the False Claims Act succeeds, the relator obtains a reward of 25 to 30 percent of the judgment or settlement. 31 U.S.C. § 3730(d)(2). The government gets the rest. Because the government thus has the primary stake in the suit, it is empowered to take it over and prosecute it itself. The complaint is initially filed under seal and served only on the government, which then has 60 days in which to inform the district court that it plans to take over the prosecution of the suit. § 3730(b)(4).

*U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 774 (7th Cir. 2004), *abrogated on other grounds by U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009). Only an attorney may file a *qui tam* lawsuit. "[A] pro se relator cannot prosecute a qui tam action, because he is acting as an attorney for the government." *Id.* at 775; *see also Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("[T]o maintain a suit on behalf of the government, the relator (as the *qui tam* plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer . . . .. A nonlawyer can't handle a case on behalf of anyone except himself."). Mr. Clinton may not bring this lawsuit about alleged fraud against the government as a *qui tam* suit under the False Claims Act.

Without the possibility of a federal claim under the False Claims Act, there is no basis for federal jurisdiction over this case. Federal courts are courts of limited

2

jurisdiction, which means that there are specific requirements that must exist before a federal court may hear a case. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). Without a federal question to base jurisdiction on, *see* 28 U.S.C. § 1331, Mr. Clinton must allege diversity jurisdiction, *see* 28 U.S.C. § 1332. Diversity jurisdiction requires the plaintiff to be a citizen of a different state than the defendants and the amount in controversy to exceed $75,000. *Id.* Here, Mr. Clinton makes no allegations concerning his or the defendants' citizenship.

It would be nonetheless futile to allow Mr. Clinton to amend his complaint to allege diversity jurisdiction because he has no standing to bring this claim:

> Our cases have established that the "irreducible constitutional minimum" of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element.

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quotation marks, citations and ellipsis omitted). Here, Mr. Clinton has not suffered an injury in fact. He alleges he has been injured because the defendants' alleged $2 million fraud cancels out the more than $2 million he has paid in federal taxes. But being a taxpayer does not allow Mr. Clinton to claim an injury from the misuse of government funds. "[T]axpayers have no direct, personal interest in the money in the Treasury simply by virtue of having paid taxes[.]" *Laskowski v. Spellings*, 546 F.3d 822, 825 (7th Cir. 2008); *cf. Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 593 (2007) ("It has long been established, however, that the

payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government. In light of the size of the federal budget, it is a complete fiction to argue that an unconstitutional federal expenditure causes an individual federal taxpayer any measurable economic harm."). Therefore, even if diversity jurisdiction exists, Mr. Clinton has not suffered a cognizable injury and cannot maintain this suit on his own behalf.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

March 24, 2022                                *s/ Damon R. Leichty*
                                              Judge, United States District Court